# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

LINDA KITCHEN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

CIVIL ACTION NO.: 5:17-cv-3

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge John H. Maclean ("the ALJ" or "ALJ Maclean") denying her claim for a period of disability and disability insurance and for Supplemental Security Income. (Doc. 1.) Plaintiff urges the Court to reverse the ALJ's decision and award her benefits, or in the alternative, remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed. (Doc. 7.) For the reasons which follow, I **RECOMMEND** the Court **AFFIRM** the decision of the Commissioner. I also **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

On May 3, 2013, Plaintiff filed applications for a period of disability, disability insurance benefits, and Supplemental Security Income, alleging disability beginning February 21, 2013. (Doc. 8-6, p. 6.) After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On April 9, 2015, ALJ Maclean conducted a video hearing at which Plaintiff, represented by counsel, appeared and testified in Waycross, Georgia, while the ALJ

presided in Savannah, Georgia. Kim E. Bennett, a vocational expert, also appeared at the hearing. (Id.) ALJ Maclean found that Plaintiff was not disabled within the meaning of the Social Security Act, 42 U.S.C. §§ 301 *et seq.* (the "Act"). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Doc. 8-2, p. 2.)

Plaintiff, born on September 4, 1969, was forty-five (45) years old when ALJ Maclean issued his final decision. She has a high school education. (Doc. 8-6, p. 12.) Plaintiff has relevant past work experience as a cashier, certified nursing assistant, egg packer, and meat packer. (Id.)

## **DISCUSSION**

### I.     **The ALJ's Findings**

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments as defined by the "severity regulation." 20 C.F.R. §§ 404.1520(c), 416.920(c); Yuckert, 482 U.S. at 140–41. If the claimant's impairment or combination of impairments is considered severe, then the evaluation proceeds to Step Three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations ("the Regulations") and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step. At Step Four, a determination is made as to whether the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity ("RFC") to perform past relevant work. Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013). A claimant's RFC "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments." Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able adjust to other work in the national economy, considering

her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff has not engaged in substantial gainful activity since February 21, 2013, the alleged onset date. (Doc. 8-6, p. 8.) At Step Two, the ALJ determined that Plaintiff's anemia and depression were considered "severe" under the "severity regulation." (Id. (citing 20 C.F.R. §§ 404.1520(c), 416.920(e)).) At the next step, the ALJ determined that none of Plaintiff's medically determinable impairments met or medically equaled a listed impairment under the Regulations. (Id. at pp. 9–10.)

ALJ Maclean found that Plaintiff had the RFC to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Id. at p. 10.) Plaintiff would not be capable of work with a Specific Vocational Preparation ("SVP") code greater than 2, and should only be involved in simple and routine work with few changes. (Id.) The ALJ also limited Plaintiff from working in extreme cold, around hazardous machinery and heights, and to avoid climbing ladders, ropes, or scaffolds. (Id.) The ALJ found Plaintiff capable of working around the public, supervisors, and co-workers on an occasional basis, and could stoop, crawl, crouch, and kneel occasionally. (Id.)

At Step Four, ALJ Maclean found Plaintiff unable to perform her past relevant work as a cashier, certified nurse assistant, egg packer, or meat packer. (Id. at p. 12.) However, the ALJ concluded at the fifth and final step that Plaintiff could perform the jobs of housekeeping cleaner, mail clerk, and addresser, all of which are jobs with an SVP of 2 that exist in significant numbers in the national economy. (Id. at p. 13.)

## II. Issues Presented

Plaintiff contends that the ALJ erred in not considering her lumbar spine, gastrointestinal problems, anxiety, and post-traumatic stress disorder to be severe impairments at Step Two. (Doc. 16, p. 2.) Plaintiff also contends that the ALJ erred in using her work history and unemployment to find her not credible. (Id.)[1]

## III. Standard of Review

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

---

[1] Plaintiff also conclusively states, at the end of her brief, that she meets the listings under Section 12.06, "Anxiety Related Disorders." (Doc. 16, p. 22.) However, Plaintiff fails to include any proper argumentation as to that issue, and as such, the Court will not address Plaintiff's claims in that regard.

5

**IV.    Step Two Determination of Severe Impairments**

Plaintiff argues that ALJ Maclean improperly concluded that Plaintiff's lumbar spine, gastrointestinal problems, anxiety, and post-traumatic disorder were not severe impairments at Step Two. (Doc. 16, p. 2.) Plaintiff contends that the ALJ improperly gave "exclusive" weight to the State Agency's findings of Plaintiff's severe impairments because additional medical records were submitted to the ALJ that were not considered by the State Agency. (Id. at pp. 5–6.) Plaintiff includes various citations to the medical record to argue that each of the above-listed impairments is severe. (Id. at pp. 6–20.)

Defendants argue that substantial evidence supports the ALJ's findings of anemia and depression as the only severe impairments. (Doc. 20, pp. 3–6.) Furthermore, Defendants argue that any error in the ALJ's finding at Step Two is harmless, because ultimately, the ALJ found in Plaintiff's favor at Step Two by determining her anemia and depression to be severe impairments. (Id. at p. 6.) As such, the ALJ was required to proceed with Steps Three and Four.

At Step Two, the ALJ must make a "threshold inquiry" as to the medical severity of the claimant's impairments. McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); see 20 C.F.R. §§ 404.1520(a)(4)(ii) & (c), 404.1523, 416.920(a)(4)(ii) & (c), 416.920a(a), 416.923. A condition is severe if it "significantly limits claimant's physical or mental ability to do basic work activities." Crayton v. Callahan, 120 F.3d 1217, 1219 (11th Cir. 1997); 20 C.F.R. §§ 404.1521(a)–(b) & 416.921(a)–(b). Examples of "basic work activities" include: understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b).[2]  Importantly, the severity of an impairment

---

[2] The Court cites to the Regulations that were in effect at the time of the ALJ's decision on July 13, 2015.

6

"must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986); see also Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Substantial evidence supports the ALJ's determination that Plaintiff's lumbar spine, gastrointestinal problems, anxiety, and post-traumatic disorder were not severe impairments. ALJ Maclean specifically stated that while Plaintiff had been diagnosed with gastroesophageal reflux disease and a degenerative disc disease, there was "no evidence to show that these impairments impose more than a minimal impact on the claimant's work-related functioning." (Doc. 8-6, p. 9.) In support of this finding, ALJ Maclean provided abundant and specific citations to the record, some of which included documentation not provided to the State Agency examiners.[3] (Id.)

As to the lumbar spine, the January 2015 MRI report cited to by the ALJ clearly states, "*Mild* disc desiccation at L4-L5 without significant loss of the disc height . . . *moderate* right neural foraminal narrowing. *Mild* left neural foraminal narrowing . . . . *mild* stenosis." (Doc. 8-14, p. 36) (emphasis added). ALJ Maclean also cited to the lab report diagnosing Plaintiff with gastroesophageal reflux. (Doc. 8-6, p. 9.) The report found that, Plaintiff's "swallowing mechanism was normal, barium traversed the esophagus without obstruction or delay. No constricting lesions were seen and no mucosal abnormalities were detected." (Doc. 8-12, p. 75.)

---

[3] Plaintiff failed to provide any record cites to the vast list of documents she avers were submitted after the State Agency examiners conducted their review. (Doc. 16, pp. 5–6.) This failing unnecessarily complicated the Court's analysis of Plaintiff's arguments that the ALJ did not rely on substantial evidence. Nevertheless, the Court was able to ascertain that the ALJ referred to several documents provided after the State Agency examination—underscoring the Court's finding that the ALJ did indeed review and carefully consider all the evidence. (See e.g., Doc. 8-12, pp. 86–89) (ALJ citing to Exhibit 17F, medical records from Dr. Charles Caldwell dated 12/12/2013).

As to anxiety and post-traumatic stress disorder, the ALJ noted that Plaintiff "has very few mental health treatment records. Those that do exist . . . show that the claimant's mental status was generally within normal limits when she appeared for her appointments." (Doc. 8-6, p. 12.) The ALJ cites to and discusses the same records Plaintiff claims demonstrate the severity of her mental impairments. (Compare id., with Doc. 16, pp. 16–21.) The Court may not "decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Dyer, 395 F.3d at 1210 (alteration in original). "Rather, we must defer to the Commissioner's decision if it is supported by substantial evidence." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). Here, a close review of the record indicates that although there are medical records reflecting the struggles Plaintiff had with mental health, substantial evidence supports the ALJ's finding that Plaintiff was "generally within normal limits." (See e.g., Doc. 8-13, pp. 60, 79, 92; Doc. 8-14, pp. 57, 72.)

Critically, Plaintiff did not carry her burden to prove that these impairments significantly limited her ability to do basic work activities. See Crayton, 120 F.3d at 1219. In fact, substantial evidence supports the ALJ's determination that they did not. The ALJ noted that Plaintiff had only mild restrictions in daily living and "appeared to possess the ability to sustain focused attention in order to complete assigned tasks . . . ." (Doc. 8-6, pp. 9–10.) The ALJ stated that he gave great weight to the State Agency consultants regarding Plaintiff's ability to perform work-related functioning and those records support the ALJ's finding. (Doc. 8-6, p. 12; Doc. 8-7, pp. 6–7, 19–20, 38, 56.)

Finally, any error the ALJ may have committed in failing to consider Plaintiff's lumbar spine, gastrointestinal issues, anxiety, and post-traumatic stress disorder as severe impairments at Step Two is harmless because the ALJ proceeded with the sequential evaluation and addressed

those impairments at both the RFC analysis and Step Three. See Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 903 (11th Cir. 2011) ("Even assuming the ALJ erred when he concluded [plaintiff's] sleep apnea, obesity, and edema were not severe impairments, that error was harmless because the ALJ considered all of his impairments in combination at later steps in the evaluation process."). The ALJ noted that he "considered all symptoms," specifically addressed her mood disorder, and set forth limitations in his RFC assessment due to her anemia and "her non-severe physical impairments." (Doc. 8-6, pp. 10–12.)

Accordingly, the ALJ's determination that Plaintiff's lumbar spine, gastrointestinal issues, anxiety, and post-traumatic stress disorder were not severe impairments was proper and harmless, and this enumeration of error is without merit.

## V. Credibility

Plaintiff argues that ALJ Maclean erred in considering her lack of work history in his credibility determination. (Doc. 16, pp. 21–22.) Specifically, Plaintiff avers that the ALJ lacks substantial evidence to support his finding that Plaintiff's lack of work history "raised questions as to whether or not her current inability to work was due to her disability and medical problems . . . ." (Id. at p. 21.) Defendant contends that the ALJ properly applied the pain standard in determining Plaintiff's credibility and that substantial evidence supports ALJ Maclean's finding. (Doc. 20, pp. 7–8.)

In order to establish disability based on testimony of pain and other symptoms, a social security disability benefits claimant must show: (1) evidence of underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of alleged pain, or (b) that the objectively determined medical condition could reasonably be expected to give rise to claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). If a plaintiff "testifies

9

as to [her] subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." Dyer, 395 F.3d at 1210 (quoting Foote v. Chater, 67 F.3d 1553, 1561–62 (11th Cir. 1995)). "Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court." Id. (citation omitted). An ALJ's credibility determination need not "cite 'particular phrases or formulations'[,] but it cannot merely be a broad rejection which is 'not enough to enable [the reviewing court] to conclude that [the ALJ] considered [a plaintiff's] medical condition as a whole.'" Id. at 1210–11 (quoting Foote, 67 F.3d at 1561).

A review of ALJ Maclean's decision reveals that he considered Plaintiff's medical condition as a whole and clearly articulated the reasons behind his credibility determination. The ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" because Plaintiff: (1) provided contradictory testimony regarding her activities of daily living; (2) did not have long-term employment even prior to her alleged onset date; (3) could not provide medical records to corroborate her statements to medical examiners that she could not return to work because she did not get medical clearance; and (4) the objective medical evidence did not support Plaintiff's claims of disabling limitations. (Doc. 8-6, pp. 11–12.)

Plaintiff only challenges the second reason—that Plaintiff's work history raised questions as to whether Plaintiff's unemployment was truly due to her medical conditions. (Doc. 16, p. 21.) Plaintiff alleges that ALJ Maclean improperly relied on this reason to find Plaintiff incredible, particularly because the ALJ stated at two points during the hearing that Plaintiff had "worked a long time" and had a "steady work history." (Id. at p. 22.)

At the outset, the Court notes that Plaintiff has improperly narrowed the credibility analysis. Plaintiff asks this Court to render the entirety of the ALJ's credibility analysis improper based on only one reason—the ALJ's interpretation of Plaintiff's work history. However, as noted above, the ALJ provided *multiple* adequate and explicit reasons as to why he found Plaintiff's statements regarding the intensity, persistence, and functionally limiting effects of her symptoms to be less credible. Substantial evidence supports those findings as well.[4]

ALJ Maclean noted that Plaintiff alleged she could only perform limited activities of daily living but, during the hearing, admitted that she cleans every day. (Doc. 8-6, p. 11.) She told a consultative mental examiner that she was on medical leave from work and could not return without medical clearance, but this claim was found to be unsupported by the record. (Id.) Additionally, the ALJ noted Dr. Marc Eaton's findings that Plaintiff:

> appeared to be capable of performing a complete complement of activities of daily living . . . was able to understand and execute simple instructions . . . was able to interact appropriately during the examination . . . [and] appeared to possess the ability to sustain focused attention in order to complete assigned tasks in a timely manner . . . . Dr. Eaton predicted that her psychological functioning would improve with a positive change in her medical status.

(Id. at p. 12.) The ALJ also gave great weight to the State Agency examiners' determination that Plaintiff had the ability to perform work-related functioning. (Id.) Thus, even if the Court disregarded the ALJ's determination regarding Plaintiff's work history, the ALJ "clearly articulated" his credibility finding and provided "substantial supporting evidence in the record." Foote, 67 F.3d at 1562. Nonetheless, substantial evidence also supports the ALJ's finding as to Plaintiff's work history. The record shows that Plaintiff had fifteen jobs over the span of fifteen

---

[4] The Court also notes that during the hearing, ALJ Maclean specifically discussed Plaintiff's past work history with the vocational expert, Kim Bennett. When Ms. Bennett stated that Plaintiff's past relevant work would not meet the ALJ's RFC hypothetical, the ALJ responded, "There really hasn't been—the unemployment seems to be back in 2012, so I'm not sure how that impacts this case at all." (Doc. 8-6, pp. 44–45.)

11

years. (Doc. 8-10, pp. 33–34.) Thus, as the ALJ stated, Plaintiff's work history does indicate that even "prior to the alleged onset date, the claimant did not work in one place very long." (Doc. 8-6, p. 11.)

The ALJ provided an in-depth analysis of Plaintiff's credibility and found that it was problematic and unsupported by the objective medical evidence. "[C]redibility determinations are the province of the ALJ and we will not disturb a clearly articulated credibility finding supported by substantial evidence." Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014). Accordingly, this enumeration of error is without merit.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **AFFIRM** the decision of the Commissioner. I also **RECOMMEND** that the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept,

reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 7th day of March, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA